IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01501-BNB

CARLO CELANI,

    Plaintiff,

v.

MAYOR ED TAUER (City of Aurora),
CHIEF DANIEL J. OATES (Aurora Police Dept.), and
UNKNOWN NUMBER OF AURORA POLICE OFFICERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 0 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Carlo Celani, is a prisoner at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Celani initiated this action by filing *pro se* a Prisoner Complaint. The court must construe the complaint liberally because Mr. Celani is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Celani will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Celani and finds that it is deficient. First, Mr. Celani fails to allege facts that demonstrate the named Defendants personally participated in the asserted constitutional violation. Mr. Celani claims that his constitutional rights were violated by an unknown number of Aurora police officers who assaulted him and used excessive force on June 17, 2008, when he was arrested. In addition to the unidentified police officers, Mr. Celani names as Defendants the

Aurora police chief and the mayor of Aurora. However, Mr. Celani does not assert that either the Aurora police chief or the Aurora mayor personally participated in the alleged assault and excessive force. Instead, Mr. Celani contends that the Aurora police chief and the Aurora mayor are responsible for the actions of the Aurora police officers who actually assaulted him and used excessive force.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Celani must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). As a result, Mr. Celani may not sue the Aurora police chief or the Aurora mayor solely because they allegedly are responsible for the actions of the Aurora police officers who actually assaulted Mr. Celani and used excessive force.

Because Mr. Celani fails to allege personal participation by either the Aurora police chief or the Aurora mayor, he will be ordered to file an amended complaint if he wishes to pursue any claims against those Defendants. Mr. Celani is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action

2

harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Celani's complaint also is deficient because he fails to describe the unknown number of Aurora police officers named as Defendants with sufficient particularity so that their identities can be determined. The United States Marshal cannot serve an "unknown number of Aurora police officers." Therefore, if Mr. Celani wishes to pursue his claims against the police officers who allegedly assaulted him and used excessive force, he must either identify those officers by name or provide sufficient information about each unnamed defendant so that each unnamed defendant can be identified for purposes of service. If Mr. Celani cannot obtain the names of the individual officers he seeks to sue, he may use fictitious names such as "John Doe" or "Jane Doe" to identify those officers in the amended complaint. However, Mr. Celani still must provide sufficient information about each unnamed Defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Celani file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Celani, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Celani fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will

3

be dismissed without further notice.

      DATED September 10, 2009, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01501-BNB

Carlo Celani
Prisoner No. 200900010395
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

I hereby certify that I have mailed **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/10/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk