IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01501-PAB-KLM

CARLO CELANI,

    Plaintiff,

v.

MARK EHRLE, Aurora Police Department,
ADAM NEUMEYER, Aurora Police Department, and
JOHN DOES 1-5, Aurora Police Department,

    Defendants.

## PROTECTIVE ORDER

Each Party and each Counsel of Record have stipulated and moved the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, therefore, the Court orders as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

   a. the Parties and/or their representatives' personnel files;

   b. witness statements in any format;

   c. other documents related to Plaintiff's claims in this action;

   d. internal affairs investigation files; and

   e. security and/or investigative policies or procedures

3. Any information designated by a Party as confidential will first be reviewed by that Party's attorney, or by the *pro se* Plaintiff, as applicable, who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated by the disclosing attorney, or by the *pro se* Plaintiff, as applicable, in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request;

c. During the course of a deposition, by verbally designating testimony to be "Confidential" and subject to the Protective Order; and

d. With respect to transcribed testimony, by giving written notice to opposing counsel, or to the *pro se* Plaintiff, as applicable, designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel, or the *pro se* Plaintiff, as applicable, who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of confidential information

and maintain a list of all persons to whom any Confidential Information is disclosed. A copy of each such original affidavit and list of all persons to whom any Confidential Information is disclosed shall be served upon the opposing Party's counsel, or the *pro se* Plaintiff, as applicable, immediately upon disclosure of the Confidential Information and no later than five (5) business days after such disclosure.

8. During the pendency of this action, opposing Party's counsel, and/or the *pro se* Plaintiff, may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 7 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing Party's counsel, and/or the *pro se* Plaintiff, are unable to otherwise identify the source of the disclosure. If a Party disagrees with the other Party's showing of substantial need, then a Party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of a Party's counsel, and/or the *pro se* Plaintiff in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10. During pendency of this litigation, the Party's counsel, and/or the *pro se* Plaintiff shall retain custody of Confidential Information, and copies made there from pursuant to paragraph 9 above.

11. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party objecting to the designation of confidentiality to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If no motion is filed within the prescribed time, the disputed information shall remain designated confidential under the terms of this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2. and 7.3.

13. The termination of this action shall not relieve a Party's counsel, the *pro se* Plaintiff, or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Upon termination of this litigation, including any appeals, each Party's counsel and the *pro se* Plaintiff shall immediately, and no later than five (5) business days after termination of this litigation, return to the producing party all Confidential Information provided subject to this Protective Order. At that time, each Party's counsel and the *pro se* Plaintiff shall also file under seal with this Court the list of individuals, aside from law office employees, who have received Confidential Information which the Party shall have maintained pursuant to paragraph 7, herein.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 17th day of May, 2010.

BY THE COURT:

Kristen L. Mix
U.S. Magistrate Judge

**AFFIDAVIT**          **EXHIBIT A**

STATE OF COLORADO     )
                               ) ss
COUNTY OF                )

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in Civil Action No. 09-cv-01501-PAB-KLM, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, or by Carlo Celani, *pro se* Plaintiff herein, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the Civil Action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

Telephone No.: (\_\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2010 by _____.

WITNESS my hand and official seal.

[SEAL]                                     _____
                                             Notary Public
                                             My commission expires:_____