IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01501-PAB-KLM

CARLO CELANI,

    Plaintiff,

v.

MARK EHRLE, Aurora Police Dept.,
ADAM NEUMEYER, Aurora Police Dept., and
JOHN DOES 1-5, Aurora Police Dept.,

    Defendants.
_____

**ORDER GRANTING MOTION TO RECONSIDER AND
AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Ehrle's Motion to Dismiss** [Docket No. 26; Filed December 18, 2009] ("Motion to Dismiss") and **Defendant Ehrle's Motion for Reconsideration of the Recommendation of the United States Magistrate Judge** [Docket No. 50; Filed April 12, 2010] ("Motion to Reconsider"). Plaintiff responded to the Motion to Dismiss [Docket No. 37; Filed February 12, 2010], Defendant Ehrle replied [Docket No. 38; Filed February 18, 2010], and the Motion to Dismiss is ripe for resolution.

    This is the second Recommendation issued to resolve the Motion to Dismiss. The first was issued on April 5, 2010 [Docket No. 48]. Due to the state of the record at that time, I recommended that the Motion to Dismiss be denied. However, since the filing of my Recommendation, Defendant Ehrle provided additional uncontroverted evidence that impacts the Court's initial holding. *See Motion to Reconsider* [#50] at 2-3. Plaintiff failed to respond to the Motion to Reconsider or take issue with Defendant Ehrle's

characterization of the evidence. Accordingly, for the reasons set forth below, the Motion to Reconsider is **GRANTED**. Therefore, I respectfully amend my first Recommendation and **RECOMMEND** that the Motion to Dismiss be **GRANTED**.

## I. Factual and Procedural Background

Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. His three claims are substantively identical. In each, Plaintiff alleges that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights, and he entitles his claims "Police Brutality," "Police Misconduct," and "Excessive Force." *See Amended Complaint* ("Complaint") [Docket No. 11]. Plaintiff alleges that Defendants Mark Ehrle, Adam Neumeyer, and five unknown officers, all allegedly police officers with the Aurora Police Department, assaulted him in the course of arresting him on June 17th, 2008. *Id.* Plaintiff contends that Defendants' use of force was excessive, and he includes allegations that Defendants used racial slurs against him and threatened him with a police dog. *Id.* at 5. Plaintiff also alleges that after his arrest, he was taken to the Aurora Medical Center Emergency Room and that he continues to suffer from his injuries. *Id.* at 5.

Defendant Ehrle filed the instant Motion to Dismiss, requesting that the Court dismiss all of Plaintiff's claims against him. Defendant Ehrle submitted an affidavit with the Motion, in which he avers that he was "not involved in any way in taking Plaintiff Celani into custody or transporting him to the Aurora Municipal Jail. I did not have any physical contact with Plaintiff Celani." *Affidavit of Mark Ehrle* [#26-1] at 2. He states that he was the officer who initially responded to Plaintiff's wife's place of work, where she had reported

2

receiving threatening calls from Plaintiff. *Id.* at 1. He further states that he saw a person matching Plaintiff's description slash the tires of his patrol car, and as a result the car was towed and he was given a ride back to the Aurora Police Department. *Id.* He avers that while he was still at the Police Department, without an operable patrol car, he received another call from Plaintiff's wife, in which she indicated that she knew where Plaintiff was. *Id.* at 2. A sergeant directed that officers respond to the location where Plaintiff was, but Defendant Ehrle did not go because he did not have a working car. *Id.*

On January 26, 2010, the Court issued an Order [Docket No. 34] indicating to the parties that I intended to construe Defendant Ehrle's Motion to Dismiss as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).[1] In that Order, the Court referred Plaintiff to Rule 56(e), which sets forth the type of evidence that is sufficient to oppose a motion for summary judgment, and *sua sponte* extended Plaintiff's deadline for filing his response. *See Order* [#34].

I issued my first Recommendation on the Motion to Dismiss on April 5, 2010. Due to the dispute between Plaintiff and Defendant Ehrle regarding whether Defendant Ehrle was present at the time of Plaintiff's arrest, I recommended that the case go forward. *Recommendation* [#48] at 7-9. On April 12, 2010, Defendant Ehrle filed a Motion to Reconsider based on new evidence obtained during Plaintiff's deposition wherein Plaintiff

---

[1] Rule 12(d) provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

admitted that he no longer believed that Defendant Ehrle was present at Plaintiff's arrest. *Motion to Reconsider* [#50] at 2-3.  Plaintiff also indicated he had no reason to believe that Defendant Ehrle's affidavit, wherein he avers that he was not present, was anything but true.  *Deposition of Plaintiff* [#50-2] at 182.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for reconsideration include:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Given the new evidence presented by Defendant Ehrle, I agree that reconsideration of my first Recommendation is appropriate.

**II.  Legal Standard**

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law.  *Id.*

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at

4

323). When, as here, the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its *prima facie* demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met his initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson,* 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing Celotex, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Further, the nonmoving party's affidavit or evidence must be more than "mere reargument of a party's case or a denial of an opponent's allegation" or it will be disregarded. See 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738, at 356 (3d ed.1998).

Here, Plaintiff is proceeding *pro se*, and the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se*

5

litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Defendant Ehrle argues that because he was not present for Plaintiff's arrest, he cannot be held liable for the constitutional violations alleged as he did not personally participate in the alleged assault. Defendant Ehrle recognizes that the allegations of Plaintiff's Complaint assert that he (Defendant Ehrle) was present for the arrest and participated in the assault. In support of his contention that he was not present, Defendant Ehrle submits a sworn affidavit. Thus, Defendant Ehrle challenges the sufficiency of the evidence to establish Plaintiff's claims against him, and not the sufficiency of the allegations in the Complaint to state a claim against him. The Court therefore considers the Motion as one for summary judgment, not for dismissal pursuant to Rule 12(b)(6). In his Response to Defendant Ehrle's Motion, Plaintiff does not argue that Defendant Ehrle was indeed present during Plaintiff's arrest. Rather, Plaintiff contends that his claims against Defendant Ehrle must stand because "by his own admission [D]efendent [sic] Ehrle was directly involved in the investigation that led up to the events that caused the violations" of Plaintiff's constitutional rights. *Response* [#37] at 1. Plaintiff further argues that his "legal position is that the information [Defendant] Mark Ehrle passed on to his fellow collegues [sic] and fellow Aurora Police Officers . . . led to the Civil Rights violations against me." *Id.* Plaintiff's Complaint contains no such allegations, and his attempt to raise new claims for the first time in opposition to Defendant's Motion is improper. *See* Fed. R. Civ. P. 8 (setting forth requirements for a claim for relief); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly

6

so as to inform the defendants of the legal claims being asserted."). The Court therefore considers only whether the fact of Defendant Ehrle's presence during the arrest is material to Plaintiff's claims as stated in his Complaint and, if so, based on the evidence presented, whether there is a genuine dispute as to that fact.

The Court first concludes that Defendant Ehrle's physical presence during the alleged assault is material to Plaintiff's claims against him. *See generally Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005) ("Liability under § 1983 requires personal participation in the unlawful acts."). The entire basis of Plaintiff's claims is the alleged physical assault on him by the officers. His claim of excessive force is properly analyzed as a claim that Defendant Ehrle violated Plaintiff's Fourth Amendment rights. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (noting that claims of excessive force by a state actor during a seizure are properly analyzed under the Fourth Amendment's reasonableness standard). A Fourth Amendment excessive force claim requires that Plaintiff "show both that a 'seizure' occurred and that the seizure was 'unreasonable.'" *Id.* (citing *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989)). To be liable, Defendant Ehrle must have been one of the officers who performed the "seizure" and actually used force against Plaintiff or who had an opportunity to intervene and failed to do so. *See, e.g.*, *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996) (discussing case law establishing that defendant officer could be liable if he failed to intervene to prevent another officer's use of excessive force). The elements of Plaintiff's Fourth Amendment claim thus require a showing that Defendant

7

Ehrle was present for the arrest itself.[2] In other words, Defendant Ehrle's presence at the arrest, or "seizure," is a fact material to Plaintiff's Fourth Amendment excessive force claim against him.

Furthermore, the Court finds that Plaintiff's Complaint does not state any other viable claims against Defendant Ehrle. Although Plaintiff also references the Eighth and Fourteenth Amendments in his claims, he makes no allegations that are consistent with a violation of either.[3] *See Graham*, 490 U.S. at 395 (holding that "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach under the Fourteenth Amendment"); *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (finding that Eighth Amendment provides source of protection against use of excessive force against convicted prisoner); *Roska*, 328 F.3d at 1243 (citations omitted) (observing that Fourteenth Amendment analysis appropriate only in excessive force cases where neither Fourth nor Eighth Amendment applies).

The Court therefore concludes that the only claim against Defendant Ehrle contained in Plaintiff's Complaint is a claim that Defendant Ehrle used excessive force against him in effectuating Plaintiff's arrest on June 17, 2008, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures. The Court also concludes that Defendant

---

[2] Plaintiff makes no allegations that Defendant Ehrle had an opportunity to intervene to prevent other officers' alleged use of excessive force.

[3] To the extent that Plaintiff alleges a Fourteenth Amendment claim because he implicates "the use of excessive force that amounts to punishment," *Culver v. Town of Torrington, Wyo.*, 930 F.2d 1456, n.7 (10th Cir. 1991) (quoting *Graham*, 490 at 395 n.10), this claim also would require showing that Defendant Ehrle physically applied force to Plaintiff.

Ehrle's physical presence at the time of the arrest is material to this claim. Therefore the Court now evaluates whether there is a genuine dispute as to whether Defendant Ehrle was present.

This discussion necessarily involves consideration of Defendant Ehrle's evidence, including his affidavit [#26-1] and Plaintiff's deposition testimony taken after briefing of the Motion to Dismiss had concluded. As noted above, Defendant Ehrle avers in his affidavit that he was at the Aurora Police Department at the time of Plaintiff's arrest. During his deposition, Plaintiff did not dispute the veracity of Defendant's statement. In fact, he admitted that he only remembers Defendant Neumeyer being present. *Deposition of Plaintiff* [#50-2] at 181:9. In response to counsel's question about whether Plaintiff had any reason to doubt whether Defendant Ehrle was there, Plaintiff replied, "No. . . . He said in his affidavit that he wasn't there; that he was at the police station. So I assume that that was done under oath. I don't think he would lie." *Id.* at 182:4, :6-8. When asked if he had "any reason to believe differently," Plaintiff responded, "No." *Id.* at 182:9-11. Given the above, I find that Defendant Ehrle has met his initial burden of showing the absence of evidence that he was present at Plaintiff's arrest. The burden then shifts to Plaintiff to supply sufficient evidence to raise a dispute.

Plaintiff failed to submit an affidavit or other evidence in support of his Response to the Motion to Dismiss. *See* Fed. R. Civ. P. 56(e). Further, he failed to respond in opposition to Defendant Ehrle's Motion to Reconsider.[4] The only evidence provided by

---

[4] The Court notes that after the filing of the Motion to Reconsider, Plaintiff filed a notice of change of address [Docket No. 52]. In an apparent attempt to avoid any suggestion that the Motion to Reconsider had not been served on Plaintiff at his new facility, Defendant Ehrle filed a certificate of service indicating that the Motion had been mailed to Plaintiff's new address [Docket No. 53]. The Court delayed ruling on the Motion to Reconsider until the deadline for Plaintiff to respond to it, based on Defendant Ehrle's

Plaintiff that potentially speaks to this issue is his Complaint. Because Plaintiff's Complaint is a verified pleading, signed under penalty of perjury, I may treat it as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)); *see* 28 U.S.C. § 1746. The Court looks to the Complaint for competent Rule 56(e) evidence that sufficiently contradicts Defendant Ehrle's affidavit or Plaintiff's later deposition testimony.

In the Complaint, Plaintiff makes three statements specifically concerning Defendant Ehrle. Each statement is made at the beginning of one of Plaintiff's substantively identical claims, and each contains the allegation that Defendant Ehrle was present at the arrest: (1) "Among the on-duty Aurora police officers known to be on scene to me at this time [the time of his arrest and alleged assault] were Mark Ehrle and Adam Neumeyer," *Complaint* [#11] at 5; (2) "On June 17th, 2008, an unknown number of Aurora Police officers assaulted and verbally abused my person. As of this date I have obtained the names of two of the officers involved in this case, [sic] their names are Officer Mark Ehrle and Officer Adam Neumeyer," *id.* at 6; and (3) "On June 17th, 2008, an unknown number of Aurora Police officers assaulted, battered and verbally abused my person. After further investigation I have come across two of the officers [sic] names who participated in this incident. The two known officers are officers Mark Ehrle and Adam Neumeyer," *id.* at 7.

The allegations contained in Plaintiff's Complaint are contradicted both by Plaintiff's later deposition testimony and Defendant Ehrle's affidavit. Although Plaintiff's Complaint

---

certification of re-mailing, had passed.

is verified, it is not competent evidence when viewed in comparison to his statements at his deposition and to Defendant Ehrle's affidavit.  As such, the Complaint is insufficient to create a <u>genuine</u> dispute regarding Defendant Ehrle's liability.  When the parties' evidence "tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable juror could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Accordingly, because no genuine issue of material fact exists regarding Defendant Ehrle's presence at Plaintiff's arrest, entry of summary judgment pursuant to Fed. R. Civ. P. 56(c) is the appropriate result.

## IV.  Conclusion

I respectfully **RECOMMEND** that the Motion to Dismiss, which has been reviewed pursuant to the standard for summary judgment, be **GRANTED** and that the case against Defendant Ehrle be dismissed.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 24, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix