IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01501-PAB-KLM

CARLO CELANI,

    Plaintiff,

v.

ADAM NEUMEYER,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Motion to Reopen Discovery, to Establish Scheduling Order, and Request for Expedited Review [Docket No. 108] filed by plaintiff on September 30, 2011. Defendant filed his response in opposition to the motion [Docket No. 110] on October 12, 2011. Plaintiff, through his new counsel, seeks an order from this Court to reopen discovery. The deadline for completion of general discovery in this case expired on June 30, 2010. *See* Docket No. 35. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

Plaintiff, Carlo Celani, is an inmate at the Limon Correctional Facility of the Colorado Department of Corrections. Plaintiff filed a *pro se* complaint on June 26, 2009 [Docket No. 3], which was amended on October 19, 2009 [Docket No. 11]. In the complaint, plaintiff alleges that Officer Adam Neumeyer of the Aurora Police Department used excessive force in effectuating his arrest on June 17, 2008. Docket

No. 11 at 5. Plaintiff asserts that as a result of the excessive force he has suffered injuries and seeks damages for violations of his civil rights under 42 U.S.C. § 1983. *Id.*

On February 2, 2010, Magistrate Judge Kristen Mix held a scheduling conference [Docket No. 35]. At that hearing, Judge Mix set the discovery deadline for June 30, 2010. Docket No. 35 at 1. On July 19, 2010, plaintiff filed a Motion to Compel Discovery [Docket No. 64], where he sought to compel defendants to provide: (1) a complete list of personnel files maintained by the Aurora Police Department for all defendants; (2) reviews, notes, and past reports of officers' performances; (3) reports of the police department's internal investigation of plaintiff's arrest; and (4) performance reports made by defendants' supervisors. Docket No. 64 at 1-2. Judge Mix denied plaintiff's motion as untimely, noting that it was filed after the June 30, 2010 discovery deadline. Docket No. 67 at 1. On March 21, 2011, Judge Mix entered a Final Pretrial Order [Docket No. 81]. The Order stated that "Discovery has been completed. Unless otherwise ordered, upon showing of good cause in an appropriate motion, there will be no discovery after entry of the Pretrial Order." Docket No. 81 at 6.

Plaintiff represented himself in this case until August 16, 2011, when he was able was able to secure counsel to act on his behalf. Because counsel was potentially interested in representing plaintiff shortly before the trial date of August 1, 2011, but had not yet entered an appearance, the August 2011 trial was vacated and rescheduled for January 3, 2012. Docket No. 100 at 2.

Plaintiff now seeks to reopen discovery and establish a scheduling order. Docket No. 108 at 1. In the motion, plaintiff seeks to take the deposition of defendant Neumeyer, to interview eight witnesses under oath, to subpoena third-party documents,

including medical records of plaintiff's treating physicians, and to obtain the disciplinary records, use of force reports, and internal affairs records of defendant and other officers involved in plaintiff's arrest. Docket No. 108 at 2-4.

Defendant opposes plaintiff's request to reopen discovery, arguing that there is no good cause to reopen discovery. Defendant states that, prior to the discovery deadline, plaintiff made no effort to conduct depositions of Officer Neumeyer or any other officers who participated in plaintiff's arrest. Docket No. 110 at 2. Moreover, defendant contends that plaintiff's *pro se* status should not be considered because Judge Mix advised plaintiff of various methods available to obtain discovery and, despite Judge Mix's advice, plaintiff made no effort to schedule any depositions, nor did he request assistance from the Court. Docket No. 110 at 2.

Defendant also alleges that plaintiff's motion is futile and moot since defendant has provided plaintiff's counsel with Officer Neumeyer's internal affairs record; his training records; all documents related to plaintiff's arrest; records of plaintiff's medical treatment while detained in Aurora; records of charges and proceedings against plaintiff; and training materials and policies for internal affairs and the Aurora Police Department. Docket No. 110 at 2-3. Defendant does not, however, object to reopening discovery to allow plaintiff to subpoena documents in the possession of third parties.

## II. ANALYSIS

### A. Legal Standard for Reopening Discovery

The Court may modify its scheduling orders upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order

"to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that discovery will lead to relevant evidence. *Id*.

### B.  The *Smith* Factors

Applying the *Smith* factors, the Court grants plaintiff's motion to reopen discovery for the limited purpose of allowing plaintiff to take defendant Neumeyer's deposition and to seek discovery of documents in the possession of third parties. The Court, however, denies plaintiff's request insofar as it seeks leave to interview eight witnesses under oath and seeks discovery of documents related to disciplinary records, use of force reports, and internal affairs records of other officers involved in plaintiff's arrest. Additionally, the request for Officer Neumeyer's disciplinary records and internal affairs files is denied as moot.

#### 1.  Imminence of Trial

The trial in this case is set for January 3, 2012. The Court finds that a deposition of defendant Neumeyer and document discovery from third parties may be reasonably accomplished before the January trial. However, while interviews of eight witnesses under oath could be accomplished before trial, it would pose greater prejudice on

defendant. Nevertheless, the Court finds that because trial does not begin for several months, the first *Smith* factor weighs in favor of granting plaintiff's motion.

### *2. Whether the Request is Opposed*

With regard to the second factor, defendant does not oppose plaintiff's request to seek documents from third parties. However, defendant opposes any depositions, interviews under oath, or the need to provide plaintiff with the disciplinary and internal affairs files of non-party officers. The Court finds that, because defendant opposes the request and plaintiff's request is made over a year after the close of discovery, the second factor weighs in favor of denying plaintiff's request.

### *3. Whether the Non-Moving Party would be Prejudiced*

Defendant asserts that, if plaintiff's motion is granted, he would be prejudiced because trial preparation has commenced based on the evidence already discovered in the case. Defendant alleges that reopening discovery for interviews and depositions would require the use of additional personnel and newly discovered evidence may require a drastic change in trial strategy. Defendant states that a change in strategy could lead to substantial expense, which is prejudicial.

Plaintiff contends that this request is unlikely to prejudice defendant because the deposition subject and most interviewees are employees of the Aurora Police Department. Moreover, the documents sought are primarily in the custody of the Aurora Police Department. Additionally, defendant's counsel are already familiar with the case, so additional depositions are not unduly burdensome.

The Court finds that allowing the deposition of Officer Neumeyer is not unduly prejudicial. The additional time required to depose Officer Neumeyer would not be

unusually burdensome to defendant. However, requiring defendant's counsel to attend the interview of eight witnesses is unduly prejudicial. As defendant mentioned, the interviews would require substantial expense and could lead to significant scheduling difficulties. Accordingly, the third *Smith* factor weighs in favor of allowing plaintiff to depose Officer Neumeyer, but weighs against the requested interviews.

### *4. Diligence of Moving Party*

With regard to the fourth factor, plaintiff argues that he was incapable of proceeding with discovery given the fact that he was in custody. Plaintiff alleges that he attempted to conduct document discovery, but that his request was denied because it was untimely and did not observe proper procedure. Plaintiff states that he has been diligent because new counsel who entered an appearance after the last trial date promptly made a request to reopen discovery.

Defendant counters that plaintiff was not diligent because he never requested the opportunity to depose or interview Officer Neumeyer, despite the fact that plaintiff conducted other discovery earlier in the case. Defendant argues that Judge Mix advised plaintiff on ways to conduct discovery and that plaintiff's other successful efforts at discovery indicate that he could conduct discovery despite being in custody.

The Court finds that, given plaintiff's former *pro se* status, the fact that he is currently in custody, and the fact that his counsel entered an appearance after the trial date was set, it is in the interest of justice to reopen discovery on a limited basis. Therefore, the fourth *Smith* factor weighs in favor of granting plaintiff's motion.

### 5. *Foreseeability of the Need for Additional Discovery*

With regard to the fifth factor, the Court finds that plaintiff has not adequately explained why the need for this discovery was not reasonably foreseeable during the Court-prescribed discovery period. It is clear that plaintiff was aware that this information was relevant to his case as he filed a Motion to Compel [Docket No. 64] on July 19, 2010. Plaintiff does not adequately explain why he filed the motion after the June 30, 2010 deadline, nor does plaintiff explain why he waited a year and a half after the close of discovery to seek leave to reopen discovery. Therefore, the fifth *Smith* factor weighs in favor of denying plaintiff's motion.

### 6. *Likelihood that Discovery will lead to Relevant Evidence*

Defendant does not contest that Officer Neumeyer's deposition could lead to relevant evidence. Defendant, however, believes that the disciplinary and internal affairs files belonging to non-party witness officers will not disclose relevant evidence.

Plaintiff contends, that although defendant has provided discovery, additional discovery is necessary because many issues related to trial remain unresolved. Plaintiff argues that records about prior disciplinary actions, use of force reports, and internal affairs investigations would allow plaintiff to identify a potential motive, pattern of behavior, or other admissible evidence at trial.

With regard to the sixth *Smith* factor, because defendant does not contest that Officer Neumeyer's deposition could lead to relevant evidence, the Court finds that this factor weighs in favor of plaintiff's motion to reopen discovery for purposes of deposing

defendant.  Otherwise, plaintiff fails to show that discovery related to other officers' disciplinary records is not simply a fishing expedition.

Four of the six *Smith* factors weigh in favor of granting plaintiff's motion in part. Therefore, the Court will reopen discovery for the limited purpose of allowing plaintiff to depose Officer Neumeyer and for plaintiff to seek discovery of documents in the custody of third parties.  The Court, however, denies plaintiff's request insofar as it seeks leave to interview eight witnesses under oath and seeks discovery of documents related to disciplinary records, use of force reports, and internal affairs records of other officers involved in plaintiff's arrest.  Additionally, because there are no disciplinary records or internal affairs files related to Officer Neumeyer, that request is denied as moot.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Motion to Reopen Discovery, to Establish Scheduling Order, and Request for Expedited Review [Docket No. 108] is **GRANTED** in part and **DENIED** in part as indicated in this Order.  It is further

**ORDERED** that Adam Neumeyer's deposition shall be scheduled and completed within 30 days of this Order.

DATED October 19, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

8